J. Howard Rossbach, J.
This is a test case involving one member of the Few York Produce Trade Association. Defendant, a vegetable dealer, leases his premises from Few York City at the huge Hunt’s Point Market in The Bronx. He is charged with ‘ ‘ illegally ’ ’ stacking empty wooden tomato crates overnight on his section of the loading platform. It is stipulated that the crates were neatly stacked. They did not block the entrance to defendant’s premises, and we find that they did not block the platform so as to impede the passage of hand trucks and fork lifts. The undisputed testimony shows that these crates were removed on each following day.
The Department of Ports and Terminals of Few York City has promulgated certain rules and regulations governing public markets. These were approved by the Board of Estimate of the City of Few York on May 22,1969.
The rules in question here are:
“ Rule 36. Sanitary Condition — All buildings, stores, house trailers, spaces and sidewalks adjacent thereto and all tools and fixtures used in connection therewith shall be kept in a clean and sanitary condition and shall at all times be subject to inspection. Each tenant shall provide approved containers for the collection of dirt, rubbish and refuse and shall not obstruct any sidewalk, aisle,, lane, street or avenue.”
“ Rule 38. Use of Sidewalk Areas and Loading Platform — Storage and display of material on. sidewalks or loading platforms shall be confined to designated areas. Pedestrian walks shall be kept clear at all times except during normal loading and unloading operations.”
*878 Looking first to rule 36, there is no unsanitary condition, since the crates are removed after a few hours. Furthermore there is no showing that any sidewalk or passageway was “ obstructed.” This rule does not prohibit the usage before us.
Turning to rule 38, we observe that it limits the ‘ ‘ storage ’ ’ of materials on loading platforms to ‘ ‘ designated areas,” Concededly, the Commissioner of the Department of Ports and Terminals had not designated the area on which defendant kept his empty crates. We believe that the term “ storage ” is broad enough to apply to the temporary placing of empty crates on the loading platform when done on a regular basis. The space is occupied most evenings; what difference that the identities of the crates change? In our opinion, the defendant has violated rule 38.
The final question is whether rule 38, as enforced by the Commissioner, is so arbitrary and unreasonable as to be unenforceable. Both sides have introduced into evidence a directive dated April 13, 1970 from Deputy Commissioner Louis M. Jacobson addressed to all the tenants of the market. It states (in part): “ The platforms in front of your store and in back of your store are to be cleaned of all objects during the period that you are closed. This is to help our security system.”
We thus see that under this directive there can be no “ designated area ’ ’ for storage, as contemplated by rule 38. Is this arbitrary? The Commissioner states that his action (or inaction) is dictated by reasons of security. Certainly pilferage is a problem in the market. In the Criminal Court cases of thievery in these premises are far from unusual. The stacks of crates as portrayed in defendant’s own exhibits could furnish excellent ‘ ‘ cover ’ ’ for any thief. Viewed in this light, the present enforcement of rule 38 is neither arbitrary nor capricious.
On the question of punishment, rule 40B provides in part: “ Any person that violates any of these rules — shall be guilty of an offense triable by a judge of the New York City Criminal Court, and punishable by a fine of not less than twenty-five dollars ’ ’.
Were we to fine this defendant, the minimum of $25 would apply, but we believe that the word ‘ ‘ punishable ’ ’ as distinguished from a clear mandate such as “ shall be punished ” or “ shall be fined ” gives the court some leeway as to whether to set a fine or not. Under the circumstances of this test case, defendant is given an unconditional discharge.